945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon ELY, Defendant-Appellant.
 No. 91-3368.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before BOYCE F. MARTIN, Jr. and NATHANIEL R. JONES, Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Vernon Ely, a pro se federal prisoner, appeals from the district court's order denying his motion for modification of the sentence imposed by the district court for violation of the terms of his supervised release. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 2
 In March 1988, following his guilty plea to one count of bank robbery in violation of 18 U.S.C. § 2113(a), Ely was sentenced to thirty-three months imprisonment and three years supervised release. In September 1990, Ely pled guilty to one count of violating the terms of his supervised release in violation of 18 U.S.C. § 3651. He was sentenced to thirty-six months imprisonment. Subsequently, Ely filed a motion for modification of his sentence pursuant to 18 U.S.C. § 3582(c)(2)(1990). He asserted that the district court should reduce his sentence pursuant to new guidelines at U.S.S.G. §§ 7B1.1-1.5, issued by the Sentencing Commission on November 1, 1990. Ely asserted that he was entitled to a downward modification of his sentence because application of the new guidelines would result in a substantially lower guideline range for his offense. The district court denied Ely's motion, finding that it had no authority to apply the new guidelines retroactively. Ely has filed a timely appeal. In addition, Ely has requested the appointment of counsel and the preparation of a transcript at government expense in his brief on appeal.
 
 
 3
 Upon review, we conclude that the district court properly concluded that it lacked authority pursuant to 18 U.S.C. § 3582(c)(2) to apply the new guidelines retroactively as such would be contrary to the policy statements of the Sentencing Commission. Title 18 U.S.C. § 3582(c)(2) permits a district court, upon a motion for modification, to reduce a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. However, § 3582(c)(2) provides that a district court may grant a sentence reduction "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." U.S.S.G. § 1B1.10(d), p.s. (Nov. 1990) sets forth the amendments to the guidelines that are to be applied retroactively for purposes of 18 U.S.C. § 3582(c)(2). U.S.S.G. § 1B1.10(a), p.s. explicitly provides that retroactive application of any guideline other than those listed in § 1B1.10(d), p.s. is not consistent with the policy statement. The new guidelines at §§ 7B1.1-1.5, are contained in Amendment 362 in Appendix C of the guideline manual; however, the Commission did not include Amendment 362 on the list of Amendments to which it gave retroactive application. Therefore, the new guidelines cannot be applied retroactively.
 
 
 4
 Accordingly, the requests for counsel and for a transcript at government expense are hereby denied, and the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.